**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN DAVID VAZQUEZ-URIBE, | Civil Action No. 19-6762 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES, | |
| Respondent. | |

IT APPEARING THAT:

1. Following a bench trial in December 2008, this Court found Petitioner, Juan David Vazquez-Uribe guilty of one count of conspiracy to import three hundred kilograms of narcotics in violation of 21 U.S.C. § 963 and one count of conspiracy to distribute three hundred kilograms of narcotics in violation of 21 U.S.C. § 846. (*See* ECF No. 46). This Court thereafter sentenced Petitioner to 360 months' imprisonment on each count to run concurrently to one another in July 2009. (*Id.*). Petitioner appealed, but his conviction and sentence were affirmed by the Third Circuit in 2011. (ECF No. 61).

2. Following the conclusion of his direct appeal, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (*See* Docket No. 12-6873 at ECF No. 1). Following briefing, this Court denied Petitioner's § 2255 motion and denied Petitioner a certificate of appealability in November 2014. (Docket No. 12-6873 at ECF No. 12-13). Petitioner appealed, and the Third Circuit denied him a certificate of appealability in May 2015. (Docket No. 12-6873 at ECF No. 16).

3. In July 2018, Petitioner filed in his criminal docket a motion seeking relief pursuant to either Federal Rule of Criminal Procedure 35(a) or 28 U.S.C. § 2255 based on a sentencing claim.

1

(Docket No. 01-768 at ECF No. 69). This Court dismissed that motion to the extent it was filed pursuant to § 2255 on August 27, 2018, as it was in fact a second or successive motion to vacate sentence brought without leave of the Court of Appeals. (Docket No. 01-768 at ECF Nos. 70-71).

4. On or about December 28, 2018, Petitioner filed with the Court of Appeals an application for leave to file a second or successive § 2255 motion. (Third Circuit Docket No. 18-3788 Docket Sheet). That application has not yet been decided, as Petitioner has yet to properly perfect his application before the Third Circuit. (*Id.*).

5. Although Petitioner has not been granted permission to file a second or successive petition, on or about February 11, 2019, he submitted to this Court another § 2255 motion, one which apparently raises the same claim for which he sought permission to file a successive § 2255 motion before the Supreme Court. (ECF No. 1). It is clear from the record of this matter and Petitioner's proceedings before the Third Circuit that Petitioner has not yet received permission from the Third Circuit to file this successive § 2255 motion.

6. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review Petitioner's motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

7. Pursuant to 28 U.S.C. §§ 2244(b) and 2255(h), a petitioner may not file a second or successive motion to vacate sentence in this Court without first acquiring authorization from the appropriate Court of Appeals. Absent authorization from the Court of Appeals, this Court has no jurisdiction over a second or successive motion to vacate sentence. *Robison v. Johnson*, 313 F.3d

128, 139 (3d Cir. 2002); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) (a "petitioner's failure to seek authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). When "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals." *Robinson*, 313 F.3d at 139; *see also United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). A District Court should only transfer a petition to the Court of Appeals where the interests of justice so require, which will usually only be the case where the proposed second motion to vacate would prima facie meet the requirements for a second motion set forth in 28 U.S.C. § 2255(h). *Hawkins*, 614 F. App'x at 582. Pursuant to § 2255(h), a second motion to vacate sentence will only be authorized where the new claim is either based on newly discovered evidence of sufficient merit, or where the new claim is based on a new rule of constitutional law which has been made retroactive to cases on collateral review by the Supreme Court which was previously unavailable. § 2255(h).

8. Petitioner has sought, but not received, permission from the Third Circuit to file a successive § 2255 motion. Because Petitioner has not received that permission, this Court is without jurisdiction and must dismiss[1] Petitioner's successive § 2255 motion. Petitioner may not file in this Court until such time as he has received permission from the Court of Appeals.

---

[1] Because Petitioner has already filed a request for permission to file a second or successive habeas petition in the Third Circuit based on the same claim presented here, no point would be served in transferring this petition to the Third Circuit. Petitioner is free to continue litigating his application for permission to file in the Third Circuit, and may submit his petition in support of his application should he so choose.

9. In conclusion, Petitioner's current § 2255 motion (ECF No. 1) is DISMISSED for lack of jurisdiction. An appropriate order follows.

Dated: March 1, 2019

                                                              ***s/ Susan D. Wigenton***
                                                              Hon. Susan D. Wigenton,
                                                             United States District Judge